T. A. BUCHANAN et al., Appellants,

v.

Louis H. FOWLER et al., Appellees.

No. 23596.

United States Court of Appeals
Fifth Circuit.

July 26, 1967.

St. Julien P. Rosemond, Asst. County Atty., Miami, Fla., Thomas C. Britton, County Attys., Miami, Fla., for appellants.

John E. Kirk, Miami, Fla., for appellees.

Before BROWN, Chief Judge, MOORE* and BELL, Circuit Judges.

MOORE, Circuit Judge:

The appellants, including the individually named Board of County Commissioners of Metropolitan Dade County, Florida, appeal from a judgment of the United States District Court for the Southern District of Florida enjoining their interference with the business of the individually named appellees and appellee Bonded Garages, Inc. We reverse because of the absence of federal question jurisdiction.

For many years Bonded Garages, Inc. operated a parking lot for passengers taking cruise ships out of Miami. No question is presented on this appeal concerning the continued operation of the lot. However, in connection with this business, and in fact integral to it, the appellees entered upon the docks and wharves owned by the appellant Dade County to deliver the passengers and their luggage to the ships and again to pick up the passengers on their return. The County determined that this business should be operated on a concession basis and accepted bids for a franchise. The appellee was not successful in the bidding and ever since has sought legal relief in a variety of ways. After two unsuccessful efforts in the Florida state courts, appellee turned to the Federal District Court. We have little doubt that this suit is barred by the most elementary application of the doctrines of res judicata and splitting a cause of action, but we do not reach the point as we have determined that the District Court should have declined jurisdiction over this controversy.

The District Court assumed jurisdiction in reliance on Southerland v. St. Croix Taxicab Ass'n, 4 Virgin Islands 397, 315 F.2d 364 (3 Cir. 1963) which it apparently believed involved a construction of 28 U.S.C. Section 1331. That case, however, was an appeal from an inferior court of general jurisdiction in the Virgin Islands and thus has no relevance to the scope of federal question jurisdiction.

▮ The appellees seek to salvage the decision below by relying on Sections 1331 and 1337 which grant jurisdiction to the District Courts in civil actions "arising under any Act of Congress regulating commerce." The only Act of Congress that appellees can point to is the Shipping Act of 1916, specifically 46 U.S.C. Sections 814 and 815. Appellees have not indicated how they intend to circumnavigate the long and unbroken line of decisions holding that factual disputes arising under the Shipping Act fall within the primary jurisdiction of Federal Maritime Commission. See, e.

* Of the Second Circuit, sitting by designation.

g., United States Navigation Co. v. Cunard Steamship Co., 284 U.S. 474, 52 S.Ct. 247, 76 L.Ed. 408 (1932), Far East Conference v. United States, 342 U.S. 570, 72 S.Ct. 492, 96 L.Ed. 576 (1952), Contrast River Plate & Brazil Conferences v. Pressed Steel Car Co., 227 F.2d 60 (2 Cir. 1955). The answer is that they cannot. Therefore, the District Court should have dismissed the complaint for failure to exhaust administrative remedies.

Reversed.